ROLLA GLEASON AND JOSEPH WHIPPLE *v.* THE VERMONT
CENTRAL RAILROAD COMPANY.

*Book Account.    Right to Charge Subscriptions for Stock.    Offset.*

Where G. & W. each subscribed for four shares of the capital stock of the Vermont
Central R. R. Co., and the same was due from each, as a separate and individ-
ual debt, *it was held*, that there was an entire want of that mutuality, that ren-
ders this a proper item for adjustment, in an action on book account, between
G. & W. and the said company.

It was also held, that such subscription is not a proper item of book charge, to be
adjudicated in this form of action; but that the application could have been
made, probably, if an agreement had been made to that effect by the parties.

And, where the auditors found the fact, that the plaintiffs severally promised the
defendants, that they would pay for the stock, when the defendants paid for tim-
ber, or ties, delivered under their contract, it was held, that this finding of the
auditor, leaves the parties to enforce their respective contracts, in the manner
in which they severally stipulated.

BOOK ACCOUNT.    Judgment was rendered, and an auditor
appointed, who made his report, and the case passed to the Su-
preme Court.    The Court, December Term, 1851, recommitted
the case to the auditor, with instructions to report more specifically
the facts in relation to the indebtedness of the plaintiffs, on their
subscriptions for capital stock of the Vermont Central Railroad
Company ; also in relation to the contract or understanding of the
parties, as to the application of that indebtedness, on this claim of
the plaintiffs.    The auditor reported substantially the following
facts :

The plaintiffs' claim was for cross ties, furnished the Vermont
Central Railroad Co. in pursuance of a written contract between
the parties, dated the twenty-second day of February, A. D. 1849.
In 1845, the plaintiff Gleason, subscribed for four shares of the
capital stock of the Vermont Central Railroad Co. at one hun-
dred dollars each share, and paid five dollars on each share at the
time ; and about the same time, Whipple, the other plaintiff, sub-
scribed for four other shares of said stock, and paid nothing.    In
1848, Whipple executed and delivered to the defendants, the fol-
lowing contract, to wit :

"For value received, in Central Railroad stock, I hereby
"promise and agree to deliver to Charles Paine, President of the

Gleason and Whipple *v.* Vt. Central Railroad Co.

" Central Railroad Co. or order, four hundred dollars' worth of
" timber, suitable for the superstructure of said road, or for bridges.
" The kinds of timber to be spruce, or hemlock, as may be required,
" and is to be delivered at Richmond, or between Richmond and
" the lake.

   " Burlington, July 14, 1848.
      (Signed)          " JOSEPH WHIPPLE."

The defendants accepted the said contract, and still hold it,
claiming it to be a contract binding upon said Whipple. And,
neither Gleason or Whipple, have made any other payments on
said subscriptions, nor had they any connection with each other, in
said stock subscriptions.

The defendants claimed, that at the time of making the con-
tract for the ties, they, and the plaintiffs agreed, or made a con-
tract by parol, that the stock subscriptions before mentioned,
should be applied upon the contract for ties, and as part payment
for the same. But the auditor found, that no such contract was
made by the parties.

At the time of the execution of the contract for the ties, the
plaintiffs severally promised the defendants that they would pay
for the said stock, when the defendants should pay for the ties.

The auditor reported the sum of $1,730,68, as the balance due
the plaintiffs, after disallowing the claim of defendants for said
stock.

*J. Maeck* and *A. Peck* for defendants,

Insisted, that the understanding, between the *plaintiffs and defend-
ants* at the time of the execution of the contract for the ties, war-
ranted the adjustment of matters in an action on book, which other-
wise would not be brought into the account, and that the case is
analagous to cases, in which rent and other items of that character,
have been so adjusted. *Case* v. *Berry,* 3 Vt. 332. *Gunnison* v.
*Bancroft,* 11 Vt. 490. *Chamberlain et al.* v. *Farr,* 23 Vt. 265.

*A. B. Maynard, Kasson & Edmunds* for plaintiffs.

The auditor has found, that no agreement was made to apply the
stock in payment for the ties ; but, that each of the plaintiffs *severally*
agreed to pay for his stock, and the court cannot decide as law, that
a several and distinct promise of a debtor to pay, shall operate as
as an agreement of two, jointly, to apply the debt in question, on
joint account.

Gleason and Whipple *v.* Vt. Central Railroad Co.

Suppose that only *one* of the plaintiffs had taken stock, could the court say, that his *several* promise of payment, would bind the plaintiffs to apply it?

So long as the several accounts of the plaintiffs cannot come before the court, there is no rule of equity even, that requires the interference of this court; but neither law or equity, requires the allowance of the charges for stock, in this action. The promise to pay amounts to nothing in this case, for such promise was only a reiteration of their subscription, or at most, an admission of its validity, and the severest consequence of that, could only be, to give the subscription legal validity. There must be an agreement express or implied, to apply it as payment.

The opinion of the court was delivered by

ISHAM, J. The principal questions arising upon this report, were decided at the last term of this court. The case was then recommitted to the auditor, to report more specifically, the facts in relation to the indebtedness of the plaintiffs, on their subscriptions for stock; and also in relation to the contract or understanding of the parties, in the application of that indebtedness, on this claim of the plaintiffs. The auditor, has reported the sum of $1,730,68, as the balance due the plaintiffs, after disallowing the claim of $800,00, as charged in the defendants' account; and upon that balance, the county court have rendered their judgment. The only question, now arising on this report, is upon the allowance of that claim of $800,00 on the subscription for stock, in payment, or part satisfaction, of the claim due the plaintiffs.

It is evident, that as a distinct and independent item of acount, or charge, it could not have been allowed by the auditor, for the claim was not due from the plaintiffs jointly. The auditor has found, that one half of that sum was due from Mr. Gleason, as a separate and individual debt; and that the remainder of the claim, was in the same manner due from Mr. Whipple. There is, therefore, an entire want of that mutuality, that renders this a proper claim, for such application. It was also properly disallowed on the ground, that it is not a proper item of book charge, to be adjudicated in this form of action; for, whether the account is presented by the plaintiff or defendant, no item or claim can be the subject of adjudication, as an independent charge, but such as is properly charge-

able on book; and on which, an action in this form can be sustained. Neither could the charge have been allowed, as an advance payment on the contract, for the delivery of railroad ties. The application could probably have been made in that way, if an agreement had been made to that effect by the parties; but the auditor has found, as a fact, that no such contract or agreement was made by them; and this finding must be considered as conclusive on this subject.

It is insisted, however, that the auditor should have allowed the charge, and have applied the same in part payment, or satisfaction, of the plaintiffs' account, if there was an understanding, or mutual expectation that it was to be so applied, in a subsequent adjustment of their claims; and if, on the strength of that understanding, the parties have continued their mutual dealings, there can be no doubt, that such an application should be made, where claims have arisen under such an understanding; for this would be equivalent to an express promise, and would equally create a legal, and binding obligation; and though the item may not be a proper charge on book, yet, it was properly remarked by the court, in the case of *Gunnison* v. *Bancroft*, 11 Vt. 493, "that if a party charge any "matter upon book, and present it before the auditor, and claim to "recover for it, he cannot object to any *other* matter being brought "into the account, upon which it was agreed that the charge was to apply." To justify the application, however, that understanding or expectation, must be affirmatively found to exist, and should be stated, in the report of the auditor. It is *not for this court* to find that fact, from a statement of the evidence, or as a matter of inference. This is exclusively within the province of the auditor; and the facts, in the exact manner in which he has found and stated them in his report, must be conclusive in our investigation of the case.

In looking at the reports of the auditor, we find on this subject, a different phraseology used in the last report, from that, which was used in the first. If the facts are differently found, we must necessarily be governed by the statement as made in the last report, for, the object of its re-commitment was, to ascertain, with greater certainty and definiteness, the understanding of the parties, in relation to the application of that claim, on the subsequent adjustment of their matters. The auditor has stated, that no contract was made

that such an application should be made; but that the plaintiffs severally promised the defendants, that they would pay for the stock, when the defendants paid for the timber, or ties, delivered under their contract. This is not equivalent to an agreement, that a specific application of that claim, should be made in satisfaction or extinguishment of the plaintiffs' account, either on a present or future settlement of the same. It is a simple renewal of their several obligations, to pay for the stock which they had taken, according to the terms of their respective contracts, when they were paid for the ties, delivered under their contract. This finding of the auditor, leaves the parties to enforce their respective contracts, in the manner in which they severally stipulated.

The claim was, therefore, properly disallowed, and the judgment must be for the plaintiff, for the largest sum reported by the auditor.